**ANN E. ARIANO, ESQUIRE**
**6121 CHATHAM COURT**
**Harrisburg, PA 17111**
**(717) 564-6955**
**Fax:(717) 564-5411**
**arianolaw@pa.net**
**Supreme Court identification number PA-65178**
=============================================================

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | **CRIMINAL NO.1: CR-10-180** |
| : | |
| : | |
| : | **(JUDGE MANNION)** |
| **v.** : | |
| : | |
| **EUGENE KEENEY** | |
| : | |
| **Defendant** : | |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant, Eugene Keeney, through counsel, respectfully moves this Court for an Order granting early termination of supervised release. Defense counsel has discussed this motion with Mr. Keeney's probation officer, who stated that Mr. Keeney is in full compliance with all of the conditions of his supervised release and has no violations. In support of the motion, the defense respectfully represents as follows:

## I. BACKGROUND

On November 22, 2010 the defendant pled guilty to Count 1 of an Indictment filed on June 9, 2010. Count 1 charged Mr. Keeney with a violation of 18 USC Section 423(b), traveling in interstate commerce to engage in a sexual act with a minor. On May 17, 2011 the Honorable William H. Caldwell sentenced Mr. Keeney to 36 months of imprisonment and upon release from imprisonment 20 years of supervised release.

Mr. Keeney's term of supervised release began on February 3, 2014 and will end on February 3, 2034. To date, Mr. Keeney has served nearly 6 years on Supervised Release. The minimum term of Supervised Release for this offense is 5 years. Since the commencement of his Supervised Release Mr. Keeney has complied with all of the conditions of release and has been granted permission to travel outside of the Middle District of Pennsylvania on numerous occasions. Mr. Keeney has taken responsibility for his actions and has served his sentence. His probation officer has confirmed that Mr. Keeney has been compliant with all of the conditions of his supervised release and has had no violations.

## II. EARLY TERMINATION IS APPROPRIATE IN THIS CASE

Under 18 U.S.C. Section 3583(e) this Court has the authority to terminate a period of supervised release early if the Court determines that such action is warranted by the conduct of the defendant and the interest of justice. To determine

whether early termination is warranted the Court must consider the factors set forth in 18 U.S.C. Sections 3553(a)(1), (a)(2)(B)-(D) and (a)(4)-(7).

For the reasons set forth below the defense respectfully submits that early termination is warranted in this case.

A. **Supervised Release is No Longer Necessary to Protect the Public or Provide Deterrence.**

Although the Court recognized the seriousness of the offense in sentencing Mr. Keeney, Judge Caldwell did note that a below-Guidelines sentence was appropriate in this matter. (see Sentencing Transcript attached hereto at page 20). Mr. Keeney took responsibility for his mistake, pled guilty to a felony offense that requires him to register as a sex offender, and spent time in federal prison. Since his release from prison he has successfully reintegrated into the community, sought employment, and reconnected with friends and family members. He has complied with all conditions of his imprisonment and release.

While incarcerated Mr. Keeney completed a Kent State University Business Course for 22 college credits, received a NASDEP solar energy certification, completed carpentry and electrical classes and worked in the kitchen of Elkton FCI.

Following his release from prison Mr. Keeney participated in a Psychosexual Evaluation and intake with Commonwealth Clinical Group. He was placed in a weekly sexual offender group therapy program and has also voluntarily participated

3

in individual therapy sessions. To date he has participated in 74 individual sessions. (see letter of Caryn D. Wildin, MS Psychotherapist with CCG attached hereto). His therapist notes in her letter that Mr. Keeney has "consistently accepted responsibility for his sexual offense." It was also noted that Mr. Keeney participated in a number of safety plans in order to travel with his wife to visit family members and vacation in various cities throughout the United States. All of his travel has been accomplished without any documented, negative incidents. Ms. Wildin concludes her letter by stating that her agency does not object to Mr. Keeney being able to amend the terms of his legal supervision.

B. **Mr. Keeney's Work and Family responsibilities:**

Mr. Keeney was released from custody on February 3, 2014. In August of 2014 he secured employment with Echo Industrial a construction company in Carlisle, PA as a Project Manager. His job duties included traveling to various states where Echo provided services. Travel to states such as Ohio, NY, VA, NC and NV was required. His overall job responsibilities included on site supervision of manpower and/or subcontractors, weekly project meetings, scheduling of all installations and working with vendors to ensure the proper equipment and hardware were on site when needed. Gene was provided with a company truck, phone, laptop and credit card to enable him to perform these required duties. His employment with Echo lasted approximately 9 months. Gene was permanently laid

off in part because of physical limitations with his lower back but, more significantly because of his inability to travel outside the middle district without prior approval from his probation officer. As a condition of his supervision Gene was not allowed to possess a company smart phone without paid monitoring which Echo was not willing to pay for.

Following his termination from Echo Gene unsuccessfully searched for employment in the same capacity at other construction companies. Despite his many years of experience in the construction field, which included running his own successful construction company for 20 years, Gene was not hired. Although the nature of his charges played a part in his not being hired he was also told that the travel and other restrictions placed on Gene were significant factors in him not being offered employment.

Following his unsuccessful attempts at finding gainful employment Gene and his wife decided that she would start a trailer manufacturing facility since they still owned the real-estate and equipment to do so. Gene contacted previous employees that had worked for him in previous years and they agreed to help her. She obtained her manufacturing license in 2017 and produced her first run of trailers. Since then the company has produced and sold approximately 200 trailers. Gene's part in the company included setting up the office and paper work while training another individual to run the operation. Gene and his wife soon

discovered that in order for the company to survive and grow they would need someone to travel around the country to talk with potential buyers and establish accounts.  As manufacturers their company was not authorized to sell directly to the public so it was imperative that they find dealers to buy bulk quantities of trailers from them. In order to be successful in this business it is necessary that someone travel to the dealers to provide them with samples of the product as well as provide them with tours of their manufacturing facilities. Gene and his wife have financially strained themselves in setting up the business and cannot afford to hire an outside sales representative. Although, Mr. Keeney has traveled within the Middle District to solicit business for the company and has established a few accounts it has not been enough to make their business successful.  Mr. Keeney would need to travel outside the middle district and surrounding states to meet with dealers, and attend seminars and trade shows.  To date the company has shown a profit in only one year due in part to the fact that Mr. Keeney was able to donate useful materials that were stored from his previous construction company. [1]  If he was able to travel freely outside of the Middle District Mr. Keeney would be able to restart his professional career as well as aid his wife in building her business. This job would allow Mr. Keeney to work even with his lower back problems and

---

[1] Mr. Keeney's previous construction company was permanently closed shortly after his incarceration.

could lead to him no longer needing disability payments.

In addition to allowing him to travel for work related purposes an early release from Supervised Release will permit Mr. Keeney to fulfill his many family responsibilities. Mr. Keeney and his wife help take care of 3 of their grandchildren while their parents work. His wife and daughters are Approved Supervisors and Mr. Keeney has been granted permission to be with his grandchildren. Their family is large however and he has many nieces and nephews who are now grown and have children of their own. It has been too difficult to have all of the parents approved as supervisors. Due to the latter Mr. Keeney and his wife often miss family events (including Gene's father's final birthday party) since there were minors present. Gene's restrictions affect their ability to have family and friends come to their home as well since the conditions of his supervision require all minors to be accompanied by an Approved Supervisor when in Gene's presence.

### III. Conclusion

Mr. Keeney recognizes that he has committed a serious offense. He has taken full responsibility for his actions, spending time in prison and registering as a sex offender. He has dutifully complied with all of the requirements of his incarceration and release, paid his fine, participated in required treatment and voluntarily submitted to additional individual counseling. He is dedicated to his family and remains truly remorseful for his actions. (see letter from Eugene

Keeney attached hereto as well as character letters written by family members and friends). The defense submits that he poses no risk to public safety. In short, none of the factors listed in 18 U.S.C. Sections 3553 and 3583 necessitate a continued period of supervised release. The defense respectfully submits that early termination of Mr. Keeney's supervised release is in the interests of justice and should be granted.

                                              RESPECTFULLY SUBMITTED,

                                              By: s/
                                              ANN E. ARIANO, ESQUIRE
                                              6121 CHATHAM COURT
                                              Harrisburg, PA  17111
                                              (717) 564-6955  (Office)
                                              (717) 564-5411 (Fax)
                                              arianolaw@pa.net
                                              ATTORNEY FOR THE DEFENDANT

The Law Offices of ANN E. ARIANO
6121 CHATHAM COURT
Harrisburg, Pennsylvania 17111
Telephone (717) 564-6955 / FAX (717) 564-5411
Email: arianolaw@pa.net

  By: ANN ARIANO, ESQUIRE
  Supreme Court identification number PA65178

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1-CR-10-180** |
| | : | |
| | : | |
| | : | **(JUDGE MANNION)** |
| **v.** | : | |
| | : | |
| **EUGENE KEENEY** | : | |
| | : | **Defendant** |

CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

I hereby certify I contacted or attempted to contact, Fran Sempa, Esquire, the ASSISTANT UNITED STATES ATTORNEY assigned to this case and sought concurrence in Defendant's Motion.

[] Concurrence was granted.

[x] Concurrence was not granted.

[] Concurrence or non-concurrence could not be obtained because opposing

counsel was unavailable. Additional attempts will be made to obtain concurrence of non-concurrence and a further certificate filed with the court as soon as possible. Opposing counsel is requested to call the undersigned upon receipt of this motion to advise of his/her position regarding concurrence or non-concurrence of this motion.

        RESPECTFULLY SUBMITTED,

        The Law Offices of Ann E. Ariano

        By:
        ANN ARIANO, ESQUIRE
        Bar No. PA65178
        ATTORNEY FOR DEFENDANT

The Law Offices of ANN E. ARIANO
6121 CHATHAM COURT
Harrisburg, Pennsylvania 17111
Telephone (717) 564-6955
FAX (717) 564-5411
Email: arianolaw@pa.net

By: ANN ARIANO, ESQUIRE

CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true copy of the attached document upon the person(s) named below via electronic filing:

        FRAN SEMPA, ESQUIRE
        ASSISTANT UNITED STATES ATTORNEY
        MIDDLE DISTRICT OF PENNSYLVANIA
        SCRANTON, PA

VIA EMAIL:
        EUGENE KEENEY

RESPECTFULLY SUBMITTED,

The Law Offices of ANN E. ARIANO

By:

ANN E. ARIANO, ESQUIRE
BAR No. PA- 65178
6121 CHATHAM COURT
Harrisburg, PA 17111

(717) 564-6955  (OFFICE)  
(717) 564-5411 (FAX)  
arianolaw@pa.net  
ATTORNEY FOR DEFENDANT